UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KAVASIO K. HALL, | ) | Case No.: 1:18-cv-00272-AWI-SAB (PC) |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS |
| v. | ) | RECOMMENDING THAT DEFENDANTS |
| | ) | J. EAKIR AND L. RAMIREZ BE DISMISSED |
| VASQUEZ, et.al., | ) | FROM THE ACTION FOR FAILURE TO STATE |
| | ) | A COGNIZABLE CLAIM FOR RELIEF |
| Defendants. | ) | |
| | ) | [ECF No. 14] |
| | ) | |

Plaintiff Kavasio K. Hall is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

I.

PROCEDURAL HISTORY

On June 29, 2018, the Court screened Plaintiff's first amended complaint, found that Plaintiff stated a cognizable failure to protect claim against Defendant Agiani and excessive force claim against Defendant Vasquez, and recommended that Defendants Eakir and Ramirez be dismissed from the action for failure to state a cognizable claim for relief. (ECF No. 15.) Plaintiff filed objections to the Findings and Recommendations on July 19, 2018. (ECF No. 16.)

In his objections, Plaintiff elaborated on his claim that Defendants Eakir and Ramirez were deliberately indifferent and/or negligent by failing to collect the razor blades from fellow inmates which resulted in Plaintiff being assaulted. In light of Plaintiff's allegations set forth in his objections

1

and in the interest of justice, on August 3, 2018, the Court vacated the June 29, 2018, Findings and Recommendations and granted Plaintiff thirty days to amend the complaint to present a cognizable claim. (ECF No. 17.) In that order, the Court advised Plaintiff that if Plaintiff did not file a second amended complaint, the Court would re-issue the June 29, 2018, Findings and Recommendations recommending dismissal of Defendants Eakir and Ramirez for failure to state a cognizable claim for relief. (Id.) Plaintiff failed to file a second amended complaint and the time to do so has expired. Therefore, Plaintiff's first amended complaint, filed on June 1, 2018, is before the Court for screening.

**II.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**III.**

**COMPLAINT ALLEGATIONS**

On March 28, 2017, Plaintiff was stabbed in the neck by another inmate and suffered an injury to his neck.

Defendants J. Eakir and L. Ramirez passed out razors to inmates and failed to check and ensure that all the razors were collected from the inmates. Plaintiff contends that if an inmate has a razor it is used to attack another inmate or officer. Plaintiff contends that by failing to make a list of all inmates who possessed razors and thereafter collect those razors Defendants were deliberately indifferent to his safety.

While Plaintiff was prone out on the floor with blood flowing from his neck wound, Defendant Vasquez sprayed Plaintiff with pepper spray. As Plaintiff was laying on the floor, he did not make any aggressive moves and there was no need for Vasquez to pepper spray him.

Defendant Agiani witnessed Plaintiff being assaulted by the other inmate with a razor, but failed to stop the inmate and merely watched the incident take place.

**IV.**

**DISCUSSION**

**A.    Failure to Protect**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040. Mere negligent failure to protect an inmate from harm is not sufficient to state a claim under section 1983. Farmer, 511 U.S. at 835.

1      1.      Defendants J. Eakir and L. Ramirez

2      Plaintiff contends that Defendants Eakir and Ramirez were deliberately indifferent to

3  Plaintiff's safety by failing to collect all of the razors passed out to inmates.  However, Plaintiff's

4  allegations fail to meet the subject element of an Eighth Amendment claim for deliberate indifference.

5  The mere claim by Plaintiff that Defendants Eakir and Ramirez did not collect all the razors from

6  inmates does not demonstrate subjective awareness on their part, rather, than potential negligence.

7  Plaintiff's allegations are nothing more than mere speculation devoid of factual support in

8  demonstrating that they knew of and disregarded an excessive risk to his safety.  Accordingly, Plaintiff

9  fails to state a cognizable failure to protect claim against Defendants Eakir and Ramirez.

10      2.      Defendant Agiani

11      Based on Plaintiff's allegations that Defendant Agiani witnessed Plaintiff being assaulted by

12  another inmate with a razor and did not nothing to stop it, is sufficient, at the pleading stage, to give

13  rise to a cognizable claim for failure to protect.

14      **B.**    **Excessive Force**

15      Plaintiff contends that Defendant Vasquez used excessive force against him by pepper spraying

16  him while he was prone out on the floor and was not making any aggressive movements.

17      The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments

18  Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted).  For

19  claims arising out of the use of excessive physical force, the issue is "whether force was applied in a

20  good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

21  Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal

22  quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).  The objective

23  component of an Eighth Amendment claim is contextual and responsive to contemporary standards of

24  decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses

25  of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always

26  violates contemporary standards of decency, regardless of whether or not significant injury is evident,

27  Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v.

28  Keller, 289 F.3d 623, 628 (9th Cir. 2002).

The Ninth Circuit has acknowledged that chemical agents such as pepper spray may be used to enforce prison discipline. Spain v. Procunier, 600 F.2d 189, 195 (9th Cir. 1979) ("We have also held use of [tear gas] in small amounts may be a necessary prison technique if a prisoner refuses after adequate warning to move from a cell or upon other provocation presenting a reasonable possibility that slight force will be required.") However, "[i]t is generally recognized that it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain." Furnace v. Sullivan, 705 F.3d at 1028.

Based on Plaintiff's allegations that Defendant Vasquez used pepper spray on him when it was not necessary is sufficient, at the pleading stage, to give rise to a cognizable claim for excessive force against Defendant Vasquez.

## V.

### CONCLUSION AND RECOMMENDATIONS

Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. In both his original and first amended complaints, Plaintiff has failed to set forth sufficient allegations to demonstrate that Defendants Eakir and Ramirez violated his constitutional rights. Accordingly, the Court finds that further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     This action proceed on Plaintiff's failure to protect claim against Defendant Agiani and excessive force claim against Defendant Vasquez; and

2.     Defendants Eakir and Ramirez be dismissed from the action for failure to state a cognizable claim for relief.

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **September 13, 2018**

UNITED STATES MAGISTRATE JUDGE

6