UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVASIO K. HALL,<br><br>        Plaintiff,<br><br>   v.<br><br>VASQUEZ, et.al.,<br><br>        Defendants. | Case No.: 1:18-cv-00272-AWI-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT AGIANI SHOULD NOT BE DISMISSED PURSUANT TO RULE 4(M) OF THE FEDERAL RULES OF CIVIL PROCEDURE, AND DIRECTING CLERK OF COURT TO SERVE THIS ORDER ON THE UNITED STATES MARSHAL |

Plaintiff Kavasio K. Hall is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendant Agiani for failure to protect and against Defendant Vasquez for excessive force.

On October 22, 2018, the Court authorized e-service on Defendants Agiani and Vasquez. (ECF No. 20.)

On November 13, 2018, a notice of intent to waive service was filed on behalf of Defendant Vasquez, and a notice of intent to not waive service was filed on behalf of Defendant Agiani. (ECF Nos. 23, 24.) The California Department of Corrections and Rehabilitation (CDCR) indicated that there is no employee at Kern Valley State Prison with the name "Agiani." However, CDCR indicated that there are other employees with a similar spelling of the last name, but the Court cannot determine

1

whether service is justified without more information as to the exact identity of the individual and would not want to subject these individuals to service of process if they are not in fact the individuals whom plaintiff is seeking to sue.

Accordingly, more information is needed to identify and serve this Defendant.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

At this juncture, the Court is unable to serve Defendant Agiani. Plaintiff shall be provided with an opportunity to show cause why this Defendant should not be dismissed. Fed. R. Civ. P. 4(m). Plaintiff may comply with this order by providing further information sufficient to identify this Defendant for service of process, such as an alternate spelling of the last name or a first initial. If Plaintiff either fails to respond to this order or responds but fails to show cause, this Defendant shall be dismissed from this action, without prejudice.

*///*

2

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendant Agiani should not be dismissed from this action;

2. <u>The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Agiani from this action</u>; and

3. The Clerk of Court is directed to serve a copy of this order on the United States Marshal.

IT IS SO ORDERED.

Dated: **November 15, 2018**

UNITED STATES MAGISTRATE JUDGE