UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVASIO K. HALL,<br><br>   Plaintiff,<br><br> v.<br><br>VASQUEZ, et.al.,<br><br>   Defendants. | Case No.: 1:18-cv-00272-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>[ECF No. 36] |

Plaintiff Kavasio K. Hall is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for summary judgment, filed July 17, 2019.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding Defendant Vasquez for excessive force and against Defendant Agiani for failure to protect in violation of the Eighth Amendment.

On January 14, 2019, Defendants filed an answer to the complaint.

On January 15, 2019, the Court issued the discovery and scheduling order.

///

///

As previously stated, on July 17, 2019, Defendants filed a motion for summary judgment. Plaintiff did not file an opposition and the time to do so has expired. Local Rule 230(l). Therefore, the motion is deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## LEGAL STANDARD

### A. Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

///

///

### B. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

### III.

### DISCUSSION

### A. Description of CDCR's Administrative Remedy Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners

are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b). The California Code of Regulations also requires the following:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

Cal. Code Regs. tit. 15, § 3084.2(a)(3).

### B. Allegations of Complaint

On March 28, 2017, Plaintiff was stabbed in the neck by another inmate and suffered an injury to his neck.

J. Eakir and L. Ramirez passed out razors to inmates and failed to check and ensure that all the razors were collected from the inmates. Plaintiff contends that if an inmate has a razor it is used to attack another inmate or officer. Plaintiff contends that by failing to make a list of all inmates who possessed razors and thereafter collect those razors Defendants were deliberately indifferent to his safety.

While Plaintiff was prone out on the floor with blood flowing from his neck wound, Defendant Vasquez sprayed Plaintiff with pepper spray. As Plaintiff was laying on the floor, he did not make any aggressive moves and there was no need for Vasquez to pepper spray him.

Defendant Agiani witnessed Plaintiff being assaulted by the other inmate with a razor but failed to stop the inmate and merely watched the incident take place.

///

4

**C. Statement of Undisputed Facts**

1. Plaintiff Kavasio Hall (T-99389) is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR). (First Am. Compl., ECF No. 14 at 1.)

2. At all time relevant to this case, Plaintiff was housed at Kern Valley State Prison (KVSP). (ECF No. 14 at 1.)

3. At all times relevant to this case, Defendant Agbayani was employed at KVSP. (ECF No. 14 at 3-4.)

4. At all times relevant to this case, Defendant Vasquez was employed at KVSP. (ECF No. 14 at 3.)

5. Plaintiff filed the original complaint on February 26, 2018. (ECF No. 1.)

6. Plaintiff filed the operative first amended complaint on June 1, 2018. (ECF No. 14.)

7. At all times relevant to this case, CDCR has provided its inmates with a comprehensive administrative appeals process in which inmates may appeal a decision, action, condition, policy, or omission made by the Department or its staff, which the inmate believes has had a material adverse effect on their welfare. (Decl. of T. Ramos (Ramos Decl.) ¶ 3.)

8. The CDCR Office of Appeals (OOA) receives, reviews, and maintains all third level inmate appeals concerning non-medical issues. This is the final level of review in CDCR's administrative appeals process, and a final decision at this level is generally required to exhaust an inmate's administrative remedies for an appeal. (Ramos Decl. ¶ 4.)

9. Plaintiff is aware of CDCR's administrative appeals process and availed himself of that process on multiple occasions. (ECF No. 1 at 3; Ramos Decl. Ex. A.)

10. Plaintiff's administrative appeal history shows that between March 28, 2017, and June 1, 2018, Plaintiff filed and exhausted one non-medical appeal with the OOA regarding issues arising from his incarceration at KVSP. That administrative appeal is identified as Appeal Log No. KVSP-17-02626 (TLR 1714793). (Ramos Decl. ¶ 10; Ramos Decl. Exs. A-B.)

11. Plaintiff's administrative appeal history shows that between March 28, 2017, and June 1, 2018, Plaintiff submitted four non-medical appeals to KVSP's Appeals Coordinator's Office for the first- or second-levels of review. Those appeals are: Appeal Log No. KVSP-O-17-00415; Appeal Log

No. KVSP-O-17-00902; Appeal Log No. KVSP-O-17-1637; and Appeal Log No. KVSP-O-17-02626. (Decl. of A. Leyva (Leyva Decl.) ¶ 4.)

12. Plaintiff did not appeal the cancellation of Appeal Log No. KVSP-O-17-01637. (Ramos Decl. Exs. A-B; Leyva Decl. Exs. A-E.)

### D. Defendants' Motion

Defendants argue that Plaintiff's administrative appeal history demonstrates that he exhausted only one administrative appeal related to his confinement at KVSP during the relevant time period, and the appeal did not address the excessive force or failure to protect claims against Vasquez and Agbayani.

It is undisputed Plaintiff is aware of CDCR's administrative appeals process and availed himself of that process on multiple occasions. (ECF No. 1 at 3; Ramos Decl. Ex. A.) Indeed, Plaintiff filed and exhausted one non-medical appeal between March 28, 2017 and June 1, 2018, regarding issues related to his confinement at KVSP. (Ramos Decl. ¶ 10; Ramos Decl. Exs. A & B.) Further, in the original complaint, Plaintiff acknowledged that an administrative remedy process was available at his institution and that he filed and completed the appeals process at the third level of review. (ECF No. 1 at 3.)

It is further undisputed that Plaintiff only exhausted one administrative appeal regarding issues related to his confinement at KVSP – Appeal Log No. KVSP-17-02626 – and this appeal did not address Plaintiff's failure to protect or excessive force claims against Defendants Agbayani and Vasquez. Although Plaintiff filed Appeal Log No. KVSP-O-17-01637, on May 16, 2017, relating to the incident on March 28, 2017, it was screened out and cancelled at the first level of review because it was filed more than thirty calendar days after the incident occurred. (Leyva Decl. Ex. E; see Cal. Code Regs. tit. 15, § 3084.6(c)(4) (appeal may be cancelled if time limits for submitting the appeal are exceeded). Plaintiff has failed to present any evidence that prison officials improperly screened out the appeal or that he ever appealed the cancellation decision. See Cal. Code. Regs. tit. 15, § 3084.6(e) (inmate can appeal cancellation decision separately, and if inmate prevails, cancelled appeal can be considered at the discretion of appeals coordinator); <u>Wilson v. Zubiate</u>, 718 F. App'x 479, 482 (9th Cir. 2017).

Plaintiff did not file an opposition and there is no evidence before the Court that something in this case made the existing administrative remedies effectively unavailable to Plaintiff. The Ninth Circuit has held that there are exceptions to the general PLRA exhaustion requirement where the actions of prison staff render a prisoner's administrative remedies "effectively unavailable." See Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (a Warden's rejection based upon mistaken reliance on a regulation "rendered [the prisoner's] administrative remedies effectively unavailable"); Sapp v. Kimbrell, 623 F.3d at 823 (prison officials can render "administrative remedies effectively unavailable by improperly screening a prisoner's grievances"); Albino v. Baca, 747 F.3d at 1177 (failure to inform a prisoner of the administrative appeals process following multiple requests for instruction rendered his administrative remedy effectively unavailable); McBride v. Lopez, 807 F.3d 982, 987 (9th Cir. 2015) ("the threat of retaliation for reporting an incident can render the prison grievance process effectively unavailable."); Brown v. Valoff, 422 F.3d at 940 (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available). Specifically, there is no evidence that Plaintiff was unaware of the prison's administrative grievance procedure, or that any prison official erred in the interpretation of any regulation in deciding the administrative appeals. Accordingly, Defendants' motion for summary judgment should be granted, and the action should be dismissed, without prejudice, for failure to exhaust the administrative remedies.

## III.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment be granted; and

2. The instant action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 12, 2019**

UNITED STATES MAGISTRATE JUDGE