# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVASIO K. HALL,<br><br>        Plaintiff,<br><br>    v.<br><br>VASQUEZ, et.al.,<br><br>        Defendants. | Case No.: 1:18-cv-00272-AWI-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>[ECF Nos. 36, 37] |

Plaintiff Kavasio K. Hall is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 13, 2019, the Magistrate Judge issued Findings and Recommendations recommending that Defendants' motion for summary judgment be granted. The Findings and Recommendations were served on the parties and contained notice that objections were due within twenty-one (21) days. (ECF No. 37.) Plaintiff filed objections on October 4, 2019, and Defendants filed a response on October 10, 2019. (ECF Nos. 38, 39.)

In his objections, Plaintiff contends that that prison officials at the second level of review failed to communicate to him and explain the appeal process during the screening process of Appeal Log No. KVSP-O-17-01637. Plaintiff argues that as a result of prison officials' failure to effectively

1

communicate with him, he "did not understand and/or was unaware of the prison administrative grievance procedures," rendering the process effectively unavailable to him. (ECF No. 38 at 1.) Plaintiff's objection is without merit as it is undisputed that Appeal Log No. KVSP-O-17-01637 was submitted on May 16, 2017, forty-nine days after the alleged incident with Defendants on March 27, 2017. Therefore, the appeal was properly screened out and cancelled as untimely. (ECF No. 36-4 at 52; Cal. Code Regs. tit. 15, §§ 3084.8(b), 3084.6(c)(4). Even if prison officials failed to effectively communicate with Plaintiff during the screening process, Plaintiff still failed to submit the appeal within the required timeframe. In addition, contrary to Plaintiff's claim, the California Code of Regulations does not require prison officials to interview inmates during the appeal screening process. See Cal. Code Regs. tit. 15, § 3084.7(e).[1] The regulations further provide that "[w]hen an appeal indicates the inmate or parolee has difficulty describing the problem in writing or has a primary language other than English, the appeals coordinator shall ensure that the inmate or parolee receives assistance in completing and/or clarifying the appeal." Cal. Code Regs. tit. 15, § 3084.5(b)(1). In this case, the undisputed evidence demonstrates that Plaintiff Appeal Log No. KVSP-O-17-01637 in well-written English, and Plaintiff never expressed that assistance was necessary. (ECF No. 36-4 at 53-54.) Furthermore, Plaintiff was provided a written decision which explained why Appeal Log No. KVSP-O-17-01637 was cancelled and Plaintiff was specifically advised that he could file a separate appeal regarding the cancellation. (Id. at 52.)

Moreover, Plaintiff's allegation that he was unaware of the prison administrative process is belied by the undisputed evidence and Plaintiff's own allegations. The undisputed evidence shows that Plaintiff filed and successfully exhausted one non-medical appeal between March 28, 2017 and June 7, 2018, regarding issues unrelated to this case. (Ramos Decl. ¶ 10, ECF No. 36-5 at 3; Ramos Decl. Exs. A & B.) The undisputed evidence also shows that Plaintiff filed and exhausted two other appeals prior to the events of March 27, 2017-the incident at issue here. (Ramos Decl. Ex. A, ECF

---

[1] Section 3084.7(e) only requires prison officials to interview an inmate at least once during the first or second levels of review. Cal. Code Regs. tit. 15, § 3084.7(e). However, there is no requirement that an interview take place during the initial screening process, which occurs prior to a determination on the merits of the appeal. See Cal. Code Regs. tit. 15, § 3084.6 (setting forth various procedural grounds for rejecting or cancelling an appeal during screening).

2

No. 36-5 at 6 (showing Plaintiff exhausted appeals in November 2015 and December 2016).) Indeed, on the original complaint form, Plaintiff affirmatively acknowledged that the administrative remedy process was available at his institution and that he filed and completed the process at the third level of review. (ECF No. 1 at 3.) Accordingly, Plaintiff's objections are overruled.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on September 13, 2019, are adopted in full;
2. Defendants motion for summary judgment is granted;
3. The instant action is dismissed, without prejudice, for failure to exhaust the administrative remedies; and
4. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated: December 13, 2019

SENIOR DISTRICT JUDGE